**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

AIG SPECIALTY INSURANCE COMPANY,          **Case No. 22-cv-20272-DLG**

                   Plaintiff,

     v.

ACCELLION, INC.,
                Defendant.

_____

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT ACCELLION, INC. TO PLAINTIFF'S SECOND AMENDED COMPLAINT

## ANSWER OF DEFENDANT ACCELLION, INC. TO
## PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant Accellion, Inc. ("Accellion" or "Defendant") hereby submits the following Answer and Affirmative Defenses to the Second Amended Complaint ("Second Amended Complaint") of Plaintiff AIG Specialty Insurance Company ("AIG"). Every averment in the Second Amended Complaint not expressly admitted herein is denied.

## INTRODUCTION[1]

1.      Defendant admits, on information and belief, the allegations in Paragraph 1 of the Second Amended Complaint that Accellion is a software company that licenses file transfer software to customers. Defendant further admits the quote recited in Paragraph 1 of the Second Amended Complaint is a true and correct excerpt from the article linked at footnote 1 of the Second Amended Complaint. The remaining allegations of Paragraph 1 of the Second Amended Complaint constitute legal conclusions and therefore require no response. To the extent a response is deemed required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and accordingly denies them.

2.      Defendant admits, on information and belief, the allegation in Paragraph 2 of the Second Amended Complaint that Accellion licensed software called File Transfer Appliance ("FTA"). The remaining allegations of Paragraph 2 of the Second Amended Complaint constitute legal conclusions and therefore require no response. To the extent a response is deemed required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and accordingly denies them.

_____

[1] Headings that appear in the Second Amended Complaint are replicated here for ease of reference. Accellion does not admit, and instead expressly denies, the legal or factual relevance of AIG's headings.

1

3.      The allegations of Paragraph 3 of the Second Amended Complaint are imprecise, vague, and ambiguous. Based on the foregoing, Defendant does not know or have enough information to form a belief as to whether the allegations of Paragraph 3 of the Second Amended Complaint are true and accordingly denies them.

4.      Defendant does not know or have enough information to form a belief as to whether the allegations of Paragraph 4 of the Second Amended Complaint are true and accordingly denies them.

5.      Defendant does not know or have enough information to form a belief as to whether the allegations of Paragraph 5 of the Second Amended Complaint are true and accordingly denies them.

## THE PARTIES, JURISDICTION, AND VENUE

6.      Defendant does not know or have enough information to form a belief as to whether the allegations of Paragraph 6 of the Second Amended Complaint are true and accordingly denies them.

7.      Defendant admits the allegations in Paragraph 7 of the Second Amended Complaint.

8.      The allegations of Paragraph 8 of the Second Amended Complaint constitute legal conclusions and therefore require no response. To the extent a response is deemed required, while Defendant admits the parties are residents of different states, on information and belief, Defendant denies Plaintiff's claim of the amount in controversy to be in excess of $75,000.00.

9.      The allegations of Paragraph 9 of the Second Amended Complaint constitute legal conclusions and therefore require no response. To the extent a response is deemed required,

Defendant admits, on information and belief, the allegations in Paragraph 9 of the Second Amended Complaint.

10.     The allegations of Paragraph 10 of the Second Amended Complaint constitute legal conclusions and therefore require no response. Further, the allegations of Paragraph 10 of the Second Amended Complaint are imprecise, vague, and ambiguous. Based on the foregoing, Defendant does not know or have enough information to form a belief as to whether the allegations of Paragraph 10 of the Second Amended Complaint are true and accordingly denies them.

### FACTS  COMMON TO ALL ALLEGATIONS

**A. INSURED'S LICENSE AGREEMENT WITH ACCELLION**

11.     Defendant admits the allegations in Paragraph 11 of the Second Amended Complaint to the extent the allegations stand for the proposition that Defendant entered into the "ACCELLION SOLUTIONS LICENSE AGREEMENT" with the University of Miami, effective as of August 23, 2018. The remaining allegations of Paragraph 11 of the Second Amended Complaint constitute legal conclusions and therefore require no response. Further, the remaining allegations of Paragraph 11 of the Second Amended Complaint are imprecise, vague, ambiguous, or taken out of context. Based on the foregoing, Defendant does not know or have enough information to form a belief as to whether the remaining allegations of Paragraph 11 of the Second Amended Complaint are true and accordingly denies them.

12.     Defendant admits the allegations in Paragraph 12 of the Second Amended Complaint to the extent the allegations stand for the proposition that Defendant entered into the "ACCELLION SOLUTIONS LICENSE AGREEMENT" with the University of Miami, effective as of August 23, 2018. The remaining allegations of Paragraph 12 of the Second Amended

Complaint constitute legal conclusions and therefore require no response. Further, the remaining allegations of Paragraph 12 of the Second Amended Complaint are imprecise, vague, ambiguous, or taken out of context. Based on the foregoing, Defendant does not know or have enough information to form a belief as to whether the remaining allegations of Paragraph 12 of the Second Amended Complaint are true and accordingly denies them.

13.     Defendant admits the allegations in Paragraph 13 of the Second Amended Complaint to the extent the allegations stand for the proposition that Defendant entered into the "ACCELLION SOLUTIONS LICENSE AGREEMENT" with the University of Miami, effective as of August 23, 2018. The remaining allegations of Paragraph 13 of the Second Amended Complaint constitute legal conclusions and therefore require no response. Further, the remaining allegations of Paragraph 13 of the Second Amended Complaint are imprecise, vague, ambiguous, or taken out of context. Based on the foregoing, Defendant does not know or have enough information to form a belief as to whether the remaining allegations of Paragraph 13 of the Second Amended Complaint are true and accordingly denies them.

14.     The allegations of Paragraph 14 of the Second Amended Complaint are imprecise, vague, ambiguous, false, or taken out of context. Based on the foregoing, Defendant does not know or have enough information to form a belief as to whether the allegations of Paragraph 14 of the Second Amended Complaint are true and accordingly denies them.

15.     Defendant admits the allegations in Paragraph 15 of the Second Amended Complaint to the extent the allegations stand for the proposition that Defendant entered into the "ACCELLION SOLUTIONS LICENSE AGREEMENT" with the University of Miami, effective as of August 23, 2018. The remaining allegations of Paragraph 15 of the Second Amended Complaint constitute legal conclusions and therefore require no response. Further, the remaining

4

allegations of Paragraph 15 of the Second Amended Complaint are imprecise, vague, ambiguous, or taken out of context. Based on the foregoing, Defendant does not know or have enough information to form a belief as to whether the remaining allegations of Paragraph 15 of the Second Amended Complaint are true and accordingly denies them.

16.     Defendant admits the allegations in Paragraph 16 of the Second Amended Complaint to the extent the allegations stand for the proposition that Defendant entered into the "ACCELLION SOLUTIONS LICENSE AGREEMENT" with the University of Miami, effective as of August 23, 2018. The remaining allegations of Paragraph 16 of the Second Amended Complaint constitute legal conclusions and therefore require no response. Further, the remaining allegations of Paragraph 16 of the Second Amended Complaint are imprecise, vague, ambiguous, false, or taken out of context. Based on the foregoing, Defendant denies the allegations of Paragraph 16 of the Second Amended Complaint.

## B. THE FUNCTIONALITY OF THE ACCELLION SOFTWARE

17.     The allegations of Paragraph 17 of the Second Amended Complaint are imprecise, vague, ambiguous, false, or taken out of context. Based on the foregoing, Defendant does not know or have enough information to form a belief as to whether the allegations of Paragraph 17 of the Second Amended Complaint are true and accordingly denies them.

18.     The allegations of Paragraph 18 of the Second Amended Complaint are imprecise, vague, ambiguous, false, or taken out of context. Based on the foregoing, Defendant does not know or have enough information to form a belief as to whether the allegations of Paragraph 18 of the Second Amended Complaint are true and accordingly denies them.

19.     The allegations of Paragraph 19 of the Second Amended Complaint are imprecise, vague, ambiguous, false, or taken out of context. Based on the foregoing, Defendant does not know or have enough information to form a belief as to whether the allegations of Paragraph 19 of the Second Amended Complaint are true and accordingly denies them.

20.     The allegations of Paragraph 20 of the Second Amended Complaint are imprecise, vague, ambiguous, false, or taken out of context. Based on the foregoing, Defendant does not know or have enough information to form a belief as to whether the allegations of Paragraph 20 of the Second Amended Complaint are true and accordingly denies them.

21.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Second Amended Complaint and accordingly denies them.

22.     The allegations of Paragraph 22 of the Second Amended Complaint are imprecise, vague, ambiguous, false, or taken out of context. Based on the foregoing, Defendant does not know or have enough information to form a belief as to whether the allegations of Paragraph 22 of the Second Amended Complaint are true and accordingly denies them.

23.     The allegations of Paragraph 23 of the Second Amended Complaint are imprecise, vague, ambiguous, false, or taken out of context. Based on the foregoing, Defendant does not know or have enough information to form a belief as to whether the allegations of Paragraph 23 of the Second Amended Complaint are true and accordingly denies them.

24.     The allegations of Paragraph 24 of the Second Amended Complaint are imprecise, vague, ambiguous, false, or taken out of context. Based on the foregoing, Defendant does not know or have enough information to form a belief as to whether the allegations of Paragraph 24 of the Second Amended Complaint are true and accordingly denies them.

25.     The allegations of Paragraph 25 of the Second Amended Complaint are imprecise, vague, ambiguous, false, or taken out of context. Based on the foregoing, Defendant does not know or have enough information to form a belief as to whether the allegations of Paragraph 25 of the Second Amended Complaint are true and accordingly denies them.

26.     The allegations of Paragraph 26 of the Second Amended Complaint are imprecise, vague, ambiguous, false, or taken out of context. Based on the foregoing, Defendant does not know or have enough information to form a belief as to whether the allegations of Paragraph 26 of the Second Amended Complaint are true and accordingly denies them.

27.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Second Amended Complaint and accordingly denies them.

28.     The allegations of Paragraph 28 of the Second Amended Complaint are imprecise, vague, ambiguous, false, or taken out of context. Based on the foregoing, Defendant does not know or have enough information to form a belief as to whether the allegations of Paragraph 28 of the Second Amended Complaint are true and accordingly denies them. As to the University of Miami's knowledge concerning Kiteworks, the allegations of Paragraph 28 of the Second Amended Complaint are denied on the basis that, on or around May 11, 2020, the University of Miami put in a Purchase Order for Kiteworks, on May 15, 2020, the University of Miami downloaded the license for Kiteworks, but then on May 22, 2020, the University of Miami changed its mind because the University of Miami claimed it had no time to upgrade to Kiteworks, and ended up paying a penalty to stay on the FTA software.

29.     Defendant denies the allegations in Paragraph 29 of the Second Amended Complaint.

## C.  THE DECEMBER 2020 BREACH OF ACCELLION'S FTA SOFTWARE

30.     As to the existence of the so-called Mandiant Report referred to in Paragraph 30 of the Second Amended Complaint, Defendant admits its existence. The remaining allegations of Paragraph 30 of the Second Amended Complaint are imprecise, vague, ambiguous, false, or taken out of context, including, but not limited to, because the linked documents at footnotes 2-3 of the Second Amended Complaint are inoperative. Based on the foregoing, Defendant does not know or have enough information to form a belief as to whether the remaining allegations of Paragraph 30 of the Second Amended Complaint are true and accordingly denies them.

31.     The allegations of Paragraph 31 of the Second Amended Complaint are imprecise, vague, ambiguous, false, or taken out of context. Based on the foregoing, Defendant does not know or have enough information to form a belief as to whether the allegations of Paragraph 31 of the Second Amended Complaint are true and accordingly denies them.

32.     The allegations of Paragraph 32 of the Second Amended Complaint are imprecise, vague, ambiguous, false, or taken out of context. Based on the foregoing, Defendant does not know or have enough information to form a belief as to whether the allegations of Paragraph 32 of the Second Amended Complaint are true and accordingly denies them.

33.     The allegations of Paragraph 33 of the Second Amended Complaint are imprecise, vague, ambiguous, or taken out of context. Based on the foregoing, Defendant does not know or have enough information to form a belief as to whether the allegations of Paragraph 33 of the Second Amended Complaint are true and accordingly denies them.

34.     The allegations of Paragraph 34 of the Second Amended Complaint constitute legal conclusions and therefore require no response. Further, the allegations of Paragraph 34 of the Second Amended Complaint are imprecise, vague, ambiguous, or taken out of context. Based on

the foregoing, Defendant does not know or have enough information to form a belief as to whether the remaining allegations of Paragraph 34 of the Second Amended Complaint are true and accordingly denies them.

35.     Defendant admits that, on January 12, 2021, it released a press release entitled: "ACCELLION RESPONDS TO RECENT FTA SECURITY INCIDENT." Other than the foregoing admission, the allegations of Paragraph 35 of the Second Amended Complaint are imprecise, vague, ambiguous, or taken out of context. Based on the foregoing, Defendant does not know or have enough information to form a belief as to whether the remaining allegations of Paragraph 35 of the Second Amended Complaint are true and accordingly denies them.

**D.  THE JANUARY 2021 BREACH OF ACCELLION'S FTA SOFTWARE**

36.     The allegations of Paragraph 36 of the Second Amended Complaint are imprecise, vague, ambiguous, or taken out of context, including, but not limited to, because the link at footnote 4 of the Second Amended Complaint is inoperative. Based on the foregoing, Defendant does not know or have enough information to form a belief as to whether the allegations of Paragraph 36 of the Second Amended Complaint are true and accordingly denies them.

37.     The allegations of Paragraph 37 of the Second Amended Complaint are imprecise, vague, ambiguous, or taken out of context. Based on the foregoing, Defendant does not know or have enough information to form a belief as to whether the allegations of Paragraph 37 of the Second Amended Complaint are true and accordingly denies them.

38.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Second Amended Complaint and accordingly denies them.

39.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Second Amended Complaint and accordingly denies them.

40.     Defendant admits that, on February 1, 2021, it released a press release entitled: "ACCELLION PROVIDES UPDATE TO RECENT FTA SECURITY INCIDENT." Other than the foregoing admission, the allegations of Paragraph 40 of the Second Amended Complaint are imprecise, vague, ambiguous, false, or taken out of context. Based on the foregoing, Defendant does not know or have enough information to form a belief as to whether the remaining allegations of Paragraph 40 of the Second Amended Complaint are true and accordingly denies them.

41.     The allegations of Paragraph 41 of the Second Amended Complaint are imprecise, vague, ambiguous, false, or taken out of context. Based on the foregoing, Defendant does not know or have enough information to form a belief as to whether the allegations of Paragraph 41 of the Second Amended Complaint are true and accordingly denies them.

42.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Second Amended Complaint and accordingly denies them.

43.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Second Amended Complaint and accordingly denies them.

**E.   ACCELLION'S OWN INVESTIGATION CONFIRMED NUMEROUS VULNERABILITIES IN ITS SOFTWARE AND THE EXPLOITATION OF THESE VULNERABILITIES**

44.     Defendant admits it engaged Mandiant, Inc. ("Mandiant") to perform a security assessment of Defendant's FTA. The remaining allegations of Paragraph 44 of the Second

Amended Complaint are imprecise, vague, ambiguous, or taken out of context. Based on the foregoing, Defendant does not know or have enough information to form a belief as to whether the remaining allegations of Paragraph 44 of the Second Amended Complaint are true and accordingly denies them.

45.     The allegations of Paragraph 45 of the Second Amended Complaint are imprecise, vague, ambiguous, or taken out of context. Based on the foregoing, Defendant does not know or have enough information to form a belief as to whether the allegations of Paragraph 45 of the Second Amended Complaint are true and accordingly denies them.

46.     Defendant admits, on information and belief, the allegations in Paragraph 46 of the Second Amended Complaint.

47.     As to the existence of the so-called Mandiant Report, Defendant admits its existence. The remaining allegations of Paragraph 47 of the Second Amended Complaint are taken out of context. Based on the foregoing, Defendant does not know or have enough information to form a belief as to whether the remaining allegations of Paragraph 47 of the Second Amended Complaint are true and accordingly denies them.

48.     As to the existence of the so-called Mandiant Report and the fact that the FTA was the victim of highly sophisticated, criminal, zero-day exploits, Defendant admits the allegations of Paragraph 48 of the Second Amended Complaint. The remaining allegations of Paragraph 48 of the Second Amended Complaint are imprecise, vague, ambiguous, or taken out of context. Based on the foregoing, Defendant does not know or have enough information to form a belief as to whether the remaining allegations of Paragraph 48 of the Second Amended Complaint are true and accordingly denies them.

11

49.     Defendant denies the allegations in Paragraph 49 of the Second Amended Complaint.

50.     Defendant denies the allegations in Paragraph 50 of the Second Amended Complaint.

51.     As to the existence of the so-called Mandiant Report, Defendant admits the allegations of Paragraph 51 of the Second Amended Complaint. The remaining allegations of Paragraph 51 of the Second Amended Complaint are imprecise, vague, ambiguous, or taken out of context. Based on the foregoing, Defendant does not know or have enough information to form a belief as to whether the remaining allegations of Paragraph 51 of the Second Amended Complaint are true and accordingly denies them.

52.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the Second Amended Complaint and accordingly denies them.

**F.  ACCELLION'S BREACH EXPOSED INSURED'S CONFIDENTIAL INFORMATION AND CAUSED DAMAGES**

53.     The allegations of Paragraph 53 of the Second Amended Complaint constitute legal conclusions and therefore require no response. To the extent a response is deemed required, Defendant does not know or have enough information to form a belief as to whether the allegations of Paragraph 53 of the Second Amended Complaint are true and accordingly denies them.

54.     The allegations of Paragraph 54 of the Second Amended Complaint constitute legal conclusions and therefore require no response. To the extent a response is deemed required, Defendant does not know or have enough information to form a belief as to whether the

allegations of Paragraph 54 of the Second Amended Complaint are true and accordingly denies them.

## COUNT I

### (BREACH OF CONTRACT)

55.     Defendant hereby incorporates by reference the allegations and denials asserted in the foregoing paragraphs as though stated in full herein.

56.     Defendant admits the allegations in Paragraph 56 of the Second Amended Complaint to the extent they stand for the proposition that Defendant entered into the "ACCELLION SOLUTIONS LICENSE AGREEMENT" with the University of Miami, effective as of August 23, 2018. The remaining allegations of Paragraph 56 of the Second Amended Complaint constitute legal conclusions and therefore require no response. Further, the remaining allegations of Paragraph 56 of the Second Amended Complaint are taken out of context. Based on the foregoing, Defendant does not know or have enough information to form a belief as to whether the remaining allegations of Paragraph 56 of the Second Amended Complaint are true and accordingly denies them.


57.     Defendant admits the allegations in Paragraph 57 of the Second Amended Complaint to the extent they stand for the proposition that Defendant entered into the "ACCELLION SOLUTIONS LICENSE AGREEMENT" with the University of Miami, effective as of August 23, 2018. The remaining allegations of Paragraph 57 of the Second Amended Complaint constitute legal conclusions and therefore require no response. Further, the remaining allegations of Paragraph 57 of the Second Amended Complaint are imprecise, vague, ambiguous, or taken out of context. Based on the foregoing, Defendant does not know or have enough

information to form a belief as to whether the remaining allegations of Paragraph 57 of the Second Amended Complaint are true and accordingly denies them.

58.     Defendant denies the allegations in Paragraph 58 of the Second Amended Complaint.

59.     Defendant denies the allegations in Paragraph 59 of the Second Amended Complaint.

60.     Defendant denies the allegation in Paragraph 60 of the Second Amended Complaint, which falsely asserts that "Accellion acquired Insured's confidential information." As to the remaining allegations of Paragraph 60, Defendant does not know or have enough information to form a belief as to whether they are true and accordingly denies them.

61.     The allegations of Paragraph 61 of the Second Amended Complaint constitute legal conclusions and therefore require no response. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 61 of the Second Amended Complaint.

62.     The allegations of Paragraph 62 of the Second Amended Complaint constitute legal conclusions and therefore require no response. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 62 of the Second Amended Complaint.

## COUNT II

## (NEGLIGENT MISREPRESENTATION)

63.     Defendant hereby incorporates by reference the allegations and denials asserted in the foregoing paragraphs as though stated in full herein.

64.     The allegations of Paragraph 64 of the Second Amended Complaint are imprecise, vague, ambiguous, or taken out of context. Based on the foregoing, Defendant does not know or

have enough information to form a belief as to whether the allegations of Paragraph 64 of the Second Amended Complaint are true and accordingly denies them.

65.     The allegations of the first sentence of Paragraph 65 of the Second Amended Complaint are imprecise, vague, ambiguous, or taken out of context. Based on the foregoing, Defendant does not know or have enough information to form a belief as to whether the allegations of Paragraph 65 of the Second Amended Complaint are true and accordingly denies them. The allegations of the second sentence of Paragraph 65 of the Second Amended Complaint constitute legal conclusions and therefore require no response. To the extent a response is deemed required, Defendant does not know or have enough information to form a belief as to whether the allegations of the second sentence of Paragraph 65 of the Second Amended Complaint are true and accordingly denies them.

66.     Defendant denies the allegations in Paragraph 66 of the Second Amended Complaint.

67.     Defendant denies the allegations in Paragraph 67 of the Second Amended Complaint.

68.     The allegations of Paragraph 68 of the Second Amended Complaint are imprecise, vague, ambiguous, or taken out of context. For example, while "Accellion obtained a NIST FIPS 140-2 certification for the FTA and publicized its FTA software as FIPS 140-2 compliant," that statement does not apply to the FTA licensed  by the Insured. As a second example, while "NIST required software labeled as compliant with FIPS 140-2 to not only comply with the FIPS 140-2 model at the time of certification, but to continue to use the cryptographic model throughout its life-cycle," that statement also does not apply to the FTA license by the Insured. Based on the foregoing, Defendant does not know or have enough information to form a belief as to whether

the allegations of Paragraph 64 of the Second Amended Complaint are true and accordingly denies them.

69.     Defendant denies the allegations in Paragraph 69 of the Second Amended Complaint.

70.     Defendant denies the allegations of the first sentence in Paragraph 70 of the Second Amended Complaint. The allegations of the remaining sentences in Paragraph 70 of the Second Amended Complaint are imprecise, vague, ambiguous, or taken out of context. Based on the foregoing, Defendant does not know or have enough information to form a belief as to whether the allegations of the remaining sentences in Paragraph 70 of the Second Amended Complaint are true and accordingly denies them.

71.     Defendant denies the allegations in Paragraph 71 of the Second Amended Complaint.

72.     Defendant denies the allegations in Paragraph 72 of the Second Amended Complaint.

73.     Defendant denies the allegations in Paragraph 73 of the Second Amended Complaint.

74.     Defendant denies the allegations in Paragraph 74 of the Second Amended Complaint.

75.     The allegations of Paragraph 75 of the Second Amended Complaint are imprecise, vague, ambiguous, or taken out of context. Based on the foregoing, Defendant does not know or have enough information to form a belief as to whether the allegations of Paragraph 75 of the Second Amended Complaint are true and accordingly denies them.

76.     Defendant admits that, on January 11, 2021, it released a press release. Other than the foregoing admission, the allegations of Paragraph 76 of the Second Amended Complaint are imprecise, vague, ambiguous, false, or taken out of context. Based on the foregoing, Defendant does not know or have enough information to form a belief as to whether the remaining allegations of Paragraph 76 of the Second Amended Complaint are true and accordingly denies them.

77.     Defendant denies the allegations in Paragraph 77 of the Second Amended Complaint.

78.     Defendant denies the allegations in Paragraph 78 of the Second Amended Complaint.

79.     Defendant denies the allegations in Paragraph 79 of the Second Amended Complaint.

80.     Defendant admits that, Defendant "collect[ed] fees and/or retained previously collected fees for Insured's license of the FTA software." Other than the foregoing admission, the allegations of Paragraph 80 of the Second Amended Complaint are imprecise, vague, ambiguous, false, or taken out of context. Based on the foregoing, Defendant does not know or have enough information to form a belief as to whether the remaining allegations of Paragraph 80 of the Second Amended Complaint are true and accordingly denies them.

81.     The allegations of Paragraph 81 of the Second Amended Complaint constitute legal conclusions and therefore require no response. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 81 of the Second Amended Complaint.

82.     Defendant denies the allegations in Paragraph 82 of the Second Amended Complaint.

**COUNT III**

**(FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT, § 501.204)**

83.     Defendant hereby incorporates by reference the allegations and denials asserted in the foregoing paragraphs as though stated in full herein.

84.     The allegations of Paragraph 84 of the Second Amended Complaint constitute legal conclusions and therefore require no response. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 84 of the Second Amended Complaint.

85.     The allegations of Paragraph 85 of the Second Amended Complaint constitute legal conclusions and therefore require no response. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 85 of the Second Amended Complaint.

86.     The allegations of Paragraph 86 of the Second Amended Complaint constitute legal conclusions and therefore require no response. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 86 of the Second Amended Complaint.

87.     Defendant denies the allegations in Paragraph 87 of the Second Amended Complaint.

88.     Defendant denies the allegations in Paragraph 88 of the Second Amended Complaint.

89.     Defendant denies the allegations in Paragraph 89 of the Second Amended Complaint.

**PRAYER**

90.     Defendant denies that Plaintiff is entitled to any of the relief it seeks.

**DEMAND FOR JURY TRIAL**

91.     Defendant objects to Plaintiff's demand for a jury trial based on the proscription detailed in the ACCELLION SOLUTIONS LICENSE AGREEMENT with the University of Miami, effective as of August 23, 2018.

## SEPARATE AND AFFIRMATIVE DEFENSES

92.     In addition to the foregoing denials, Defendant alleges and asserts the following affirmative defenses. By these affirmative defenses, Defendant does not assume the burden of proving any issues or elements of a claim where such burden properly belongs to Plaintiff. No assertion of any affirmative defense is intended to or may be construed as a concession that any particular issue or subject matter is relevant to Plaintiff's allegations.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

93.     The Second Amended Complaint fails to state facts sufficient to constitute a claim against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (No Causation)

94.     Defendant is informed and believes, and thereon alleges, the injuries or damages allegedly suffered by Plaintiff and/or its insured were the result of causes independent of the purported acts, omissions, or breaches of Defendant, thereby eliminating or reducing any alleged liability because the claimed injuries were not legally or proximately caused by Defendant.

## THIRD AFFIRMATIVE DEFENSE

**(Failure to Mitigate)**

95.     Defendant is informed and believes, and thereon alleges, the Second Amended Complaint is barred because Plaintiff and/or its insured failed to mitigate damages, if any there may be.

## FOURTH AFFIRMATIVE DEFENSE

**(Conduct of Third Parties)**

96.     Defendant is informed and believes, and thereon alleges, the Second Amended Complaint is barred because the damages, if any, were caused by third parties for whom Defendant bears no responsibility.

## FIFTH AFFIRMATIVE DEFENSE

**(Comparative Fault)**

97.     Defendant is informed and believes, and thereon alleges, any injury or damage allegedly suffered by Plaintiff and/or its insured was caused or contributed to by the negligence, fault, or other wrongful or tortious conduct of persons or entities other than Defendant.

## SIXTH AFFIRMATIVE DEFENSE

**(Uncertainty)**

98.     Defendant is informed and believes, and thereon alleges, Plaintiff's claims against Defendant are vague, ambiguous, and uncertain.

## SEVENTH AFFIRMATIVE DEFENSE

### (Good Faith)

99.     Defendant alleges Plaintiff's Second Amended Complaint is barred because Defendant acted reasonably, honestly, without malice, and had a good faith and reasonable basis for all of its actions.

## EIGHTH AFFIRMATIVE DEFENSE

### (Intervening or Superseding Cause)

100.    Defendant is informed and believes, and thereon alleges, the intentional, negligent, and/or other acts and omissions of persons and entities other than Defendant, and over whom Defendant had no control, were intervening and/or supervening causes of the harm and damages allegedly suffered by Plaintiff and/or its insured, if any harm there may be, thereby eliminating or lessening any harm caused by Defendant.

## NINTH AFFIRMATIVE DEFENSE

### (*In Pari Delicto*)

101.    Defendant is informed and believes, and thereon alleges, the claims of Plaintiff are barred under the doctrine of *in pari delicto*.

## TENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

102.    Defendant is informed and believes, and thereon alleges, Plaintiff and/or its insured assumed the risks incident to the matters set forth in the Second Amended Complaint. Any damages allegedly sustained by Plaintiff and/or its insured were caused by or arose out of those risks.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Justification)

103.    Defendant alleges that, at all times, Defendant's actions were justified under the circumstances and, therefore, Plaintiff's claims are barred.

## TWELFTH AFFIRMATIVE DEFENSE

### (Void as to Public Policy)

104.    Defendant is informed and believes, and thereon alleges, Plaintiff's claims are barred as against public policy.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Actual Damages)

105.    Defendant is informed and believes, and thereon alleges, the Second Amended Complaint is barred because Plaintiff fails to allege actual damages recoverable under FDUTPA.

## FOURTEENTH AFFIRMATIVE DEFENSE

106.    Defendant presently has insufficient knowledge or information upon which to form a belief whether it may have additional, unstated affirmative defenses. On that basis, Defendant reserves the right to amend this Answer to assert additional affirmative defenses in the event discovery indicates additional affirmative defenses are appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment as follows:

1.  Plaintiff takes nothing by way of its Second Amended Complaint;

2.  Judgment be entered in favor of Defendant and against Plaintiff;

3.  The Second Amended Complaint be dismissed in its entirety, with prejudice;

4.  For attorneys' fees incurred;

5.  For costs of suit incurred; and

6.  For such other and further relief as this Court may deem just and proper.

Dated: November 17, 2022              **BILZIN SUMBERG BAENA**
                                      **PRICE & AXELROD LLP**


                                      By: _____*/s/ Mitchell E. Widom*_____
                                            **MITCHELL E. WIDOM**
                                            **Florida Bar No. 473911**
                                            **Benjamin A. Mitchel**
                                            **Florida Bar No. 1018918**
                                            mwidom@bilzin.com
                                            bmitchel@bilzin.com
                                            eservice@bilzin.com

                                            *Attorney for Defendant Accellion, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Answer was

served via CM/ECF on November 17, 2022 upon all parties.

## SERVICE LIST

Chantel C. Wonder
Florida Bar No.: 0087601
cwonder@grsm.com
GORDON REES SCULLY MANSUKHANI
Miami Tower
100 SE Second Street, Suite 3900
Miami, FL 33131
Tel: (813) 523-4945
*Attorneys for Plaintiff*